UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BROWN,<br><br>                    Plaintiff,<br><br>          v.<br><br>COMMONWEALTH OF PA, et al.,<br><br>                    Defendants. | CIVIL ACTION NO. 1:25-CV-1240<br><br>(MEHALCHICK, J.) |

## ORDER

*Pro se* Troy Brown filed this lawsuit against Defendants Commonwealth of Pennsylvania ("Commonwealth"), West Manchester Township Police Department ("Police"), Officer Derek Snyder ("Officer Snyder"), Officer Harner, Sergeant Lance E. Krout ("Sergeant Krout"), York County Court of Common Pleas ("County Court"), Judge Maria M. Cook ("Judge"), District Attorney Timothy Long, Wyndham Garden Hotel ("Hotel"), Maher T. Awad, Trisha McCoy, Jewell D. Bailey, Pamela Eisenhour, York County Prison ("Prison"), and Warden Adam Ogle (collectively, "Defendants") on July 9, 2025. (Doc. 1, at 1-2). That same day, Brown filed a motion to proceed *in forma pauperis*. (Doc. 2). Brown asserts the following legal claims: Count I against Officer Snyder, Officer Harner, Sergeant Krout, and the Police (Fourth Amendment violation); Count II against the Judge and the Commonwealth (Fourteenth Amendment Due Process violation); Count III against the Police and the Commonwealth (False Arrest and Imprisonment); Count IV against the Police and the Commonwealth (Malicious Prosecution); Count V against the Hotel (Invasion of Privacy); Count VI against the Hotel (Trespass to Chatels); Count VII against the Hotel (Breach of Contract and Guest Rights); Count VIII against the Prison (Deliberate Indifference to Safety and Access to Courts); Count IX against all entities (Negligent Hiring and

Supervision); and Count X (Intentional Infliction of Emotional Distress). (Doc. 1, at 3). On July 22, 2025, Magistrate Judge Daryl F. Bloom issued a report and recommendation recommending that Brown's complaint be dismissed without prejudice to Brown re-asserting his claims at the conclusion of his state criminal case, should he choose to do so.[1] (Doc. 10, at 8). No objections have been timely filed to the report and recommendation.[2] As such, the Court will **ADOPT** the report and recommendation in its entirety.

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of

---

[1] After the Police searched Brown's room at the Hotel, Brown was arrested and charged with drug offenses and endangering the welfare of children. (Doc. 10, at 1).

[2] On July 29, 2025, Brown filed a motion amend his complaint to increase damages against all defendants. (Doc. 11). The motion contains no objections to the report and recommendation. As the Court is adopting the report and recommendation and dismissing the complaint, the motion to amend is hereby denied as moot.

review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

The Court agrees with the sound reasoning in Judge Bloom's report and recommendation and finds no clear error on the face of the record. (Doc. 10). As such, **IT IS HEREBY ORDERED THAT** the report and recommendation (Doc. 10) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. Brown's complaint is now **DISMISSED without prejudice** pending his state criminal case. The Clerk of Court is directed to close this case.

BY THE COURT:

Date: February 11, 2026

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**